Boardman, J.
This action was brought to recover damages for breach of an express warranty of qualities and fitness to accomplish certain purposes of a refrigerator to be built by defendant for plaintiff under an executory contract.
The case was submitted to the jury in a proper charge, under which the jury has found that there was an express warranty, a breach of such warranty and the damages suffered by the plaintiff. The evidence will sustain such findings of fact.
Where property is made and sold or delivered under an express warranty of fitness for a particular purpose, the vendee may retain the property, and if it proves unfit for the purpose may sue for the damages winch he has suffered, including the loss of profits he would have made. Brigg v. Hilton, 99 N. Y., 528; Day v. Pool, 52 id., 416.
In M. M. Pan Co. v. Remington (4 N. Y. State R., 181) there was no express warranty.
I think the rule of damages adopted by the court was correct as applied to the present case of a warranty to preserve chickens in perfect condition. The loss of the chickens put in was the immediate damage due to the breach of contract. It was a loss of profits. Plaintiff was entitled to the market value of the chickens, well preserved, less the expense of getting them to market and selling them. The cost of the chickens, and expenses of care, etc., put upon them during the winter would not give the profits to which plaintiff was entitled. If net profits only were considered, then to those should be added the costs, charges and expenses which plaintiff had paid to the time when the net profits ought to have accrued.
There are no other questions in the case which call for a reversal.
*326 In my opinion the judgment and order should be affirmed, with costs.
Follett, J., concurs.
Hardin, P. J.
Evidence was given which supports the findings upon the issues of fact made by the jury. The trial judge seems to have adopted the correct rule in his charge as to damages.
I concur in the foregoing opinion and vote for affirmance.